Case 20-5567, New London Tobacco Market et al. v. Kentucky Fuel Corporation et al. Oral argument, 15 minutes per side. Mr. Sanders for the appellants. Good afternoon and may it please the court. Nathan Sanders on behalf of the appellants and interested parties, Richard Getty and the Getty Law Group. Mr. Sanders, we appreciate your appearance. I want you to know that Judge Batchelder is appearing by audio only, so she may have questions but is not on the video. You may proceed with your argument. Thank you, Your Honor. If it's okay with the court, I'd like to reserve three minutes for my rebuttal. Yes. Thank you. The sole ruling at issue in this particular appeal is the district court's award of Rule 11 sanctions against Mr. Getty and the Getty Law Group for arguing that the district court's $17 million in lost mining royalties violated defendants' right to due process. This award should be reversed and vacated because the due process argument was objectively reasonable under the circumstances, and it doesn't meet the exceedingly high threshold for imposing Rule 11 sanctions. During today's argument, I'm going to discuss the standard for imposing Rule 11 sanctions. I'll clarify the nature of the due process argument that was objectively reasonable under all of the circumstances. I'll then conclude by explaining why this court cannot affirm the Rule 11 sanctions award on alternative grounds that were specifically rejected by the district court. Under Rule 11, an argument isn't sanctionable just because it fails. It's not sanctionable just because it's a long shot. Under this court's precedent, an argument is only sanctionable under Rule 11 if it's objectively baseless at the time it was made and legally indefensible. In the Kohl's Department Store case that was recently decided by this court after briefing and this appeal was complete, the court looked at a similar sanctions provision and said that sanctions should only be awarded for truly egregious misconduct. The due process argument here does not satisfy these exacting standards. Now, in talking about the reasonableness of the due process argument, I think it's important to clarify what defendants did and did not argue to the district court below because that argument's been mischaracterized in the plaintiff's brief. The defendants didn't argue that the mere admission of the Conway report violated their right to due process. What the defendants argued is that they were denied due process when the district court based a $17 million award for lost mining royalties on the Conway report, despite the fact the district court had previously called that report inadequate, and despite the fact that the meaningful damages hearing that the district court promised the defendants gave them no opportunity to either cross-examine Mr. Conway or present their own on damages. Now, in this case, I'm confused. They were barred from presenting their own expert or they chose not to present their own expert? Go ahead. I apologize for interrupting you, Judge. I think that's a fair question and let me clarify. Before Mr. Getty entered this case and became counsel of record, the decision was made by the defendants and their counsel not to participate in certain discovery. They didn't retain their own damages experts and that was a decision that was made before Mr. Getty became involved. But my real point is this. Based on the two district court orders that preceded this damages hearing, what was said about the Conway report and what this damages hearing needs to look like gave defendants a reasonable basis for questioning the meaningfulness of that hearing after the district court decided to adopt the Conway report. The magistrate judge in this case initially declined. Can we back up here? My understanding, the discussion that we've had in the previous argument was that the district court did not simply decide to adopt the Conway report. The district court took up what the magistrate said, took it up de novo, reviewed in his opinion all of the evidence that was submitted at that hearing and then made a determination. So I'm not seeing again that it was the magistrate's decision about the Conway report that in fact what the district court did was a de novo review of your honor. I don't disagree that the district court conducted a de novo review. What I think happened is that both the magistrate judge and the district judge, they based the nearly 17 million dollar lost mining royalties award specifically on the Conway report. There was no other piece of evidence presented that that came up with that number. That number was, well, wait just a second. There were two other mining entities that put in comparable figures. Isn't that correct? Comparable figures in the 17 million, 16 million, almost 18 million range. Is that incorrect? Your honor, to be perfectly honest, I'm not sure the answer to that sitting right here today. But I think the way that I read both the magistrate judge's decision and the district court's decision is that they were basing their number, the 17 million dollar, and I'm rounding, but almost 17 million dollar number specifically on the Conway report. If you look at both of those decisions, that was the basis for how the court got to that. And I think your honor is fair to point out the district court and the magistrate did say, yes, there's some other evidence that we believe could support this. But at the end of the day, the Conway report was what they based that award on. And in fact, I think the district court... So is your position that if you have a report that you do not ascribe control to, and then you have subsidiary evidence that supports it from other entities that are sufficiently experts who have rendered information, you have to not choose the dollar figure of that report? I mean, why can't the district court say, I've looked at all the evidence and I think all the evidence supports this decision by Mr. Conway, I will use that number. What's wrong with that? Your honor, respectfully, I don't think that's what happened here with the district court. I think what the district court did was it said it looked, it looked at the evidence and it says the district court said the proper measure of lost mining royalties is what's in the Conway report. And I think the district court even said that, you know, other evidence about mineability and markability and other things like that didn't actually matter because the default judgment had mooted the need to consider any of that. So I think what the both judges below found was the Conway report is what controls and that's what should be used as the measure of lost mining royalties. And I think the reason that it was reasonable to question that, to question that reliance on the Conway report is based on what the district court had previously said about it. But why is that a due process violation? I don't understand the argument. I mean, due process means you have process, you had a hearing. I mean, maybe the court renders a decision that you disagree with. I don't know. But there was a hearing, you had your own witnesses, you could have taken Conway's deposition throughout the litigation and chose not to. You could have had your own expert. I mean, I don't, where was the denial of due process? Your Honor, the basis for the due process argument was what the district court had said about the meaningfulness of the hearing. The district court had said that the defendants need to have an opportunity to speak meaningfully to damages and to present any analysis that they think is important on the issue of damage. Right. Yeah. There was a hearing and the magistrate said he thought your witnesses weren't believable. I mean, what's that? I mean, what else do you want? And Judge, and I guess I would respond to that by pointing to a subsequent order. And it was the order denying defendants the right to reopen discovery to retain experts. The district court said, you know, in that case, you know, maybe the Conway report could be inadequate, but only so long as you have a meaningful chance to respond to that report. Well, just the meaning of what I think what both what all three of us may be struggling with is we understand that your firm may not have made these decisions. But earlier firms did. And the client is bound by those decisions and is assumed to have approved those decisions. So to say that you want to come in and have a meaningful opportunity doesn't mean what we might call where I'm from a do over. You don't get to start at the very beginning, when five years went by from the time you saw that report and said anything about it. You are in the position that your previous litigation tactics have placed you. Your opportunity is a meaningful opportunity within the position that you have placed yourself. So explain to me how that's not what you got. Your Honor, I think that's a fair question. Let me respond to it two ways. The first is when the district court ordered a meaningful hearing on damages. These failures to take discovery by Mr. Getty's predecessors had already been complete. It was a situation where, you know, the discovery period had already closed, the failure to depose Mr. Conway and to retain experts that had already taken place. And yet the district court still said, you're entitled to a meaningful hearing on damages. And then in those in a subsequent order, and this is record 368, the district court says, the Conway report might be considered adequate, but only if you get a meaningful chance to respond. And what it said in that order was, or at least strongly indicated was, the meaningful opportunity to respond is going to come in the form of a cross-examination of Mr. Conway himself. Even if you have already given up the opportunity to do that, my struggle is if that's the rule that you're proposing, then all that does is enhance and encourage the because it means that you cannot do what you should do in discovery. You can wait five years and then you can come back in. And in order to have a meaningful answer, you get to reopen and start over again. I can't imagine that this court would want to encourage that type of behavior by taking the sting or the problems that resulted from it away from the party who actually did them. Your Honor, and I guess I would just go back to the point that it's not about whether the due process argument should have prevailed below, and I think Your Honor brings up a good policy reason why maybe it should not have. But our point is simply based on what the district court itself had said about needing to have a reasonable and Mr. Conway. The fact that the Conway report then becomes the measure of damages when that opportunity never comes to pass, that did give defendants in this situation at least a reasonable basis for questioning whether the meaningful hearing that they had asked for had been provided. I think your time's up. Let me ask Judge Batchelder if she has any further questions. I do not. Thank you, Judge Nalbandian. No. And you reserve Mr. Sanders some time. Yes, Your Honor. You will have your time reserved. Thank you, Your Honor. Mr. Lucas. Your Honor, may it please the court, John Lucas for the appellees. I've got, as you might imagine, several points that I want to cover, but I want to go out of order a little bit because Judge Stranch, there's a question that you've raised several times. It's obviously on your mind, and I want to reinforce what I think you've already seen. The damages that were awarded were not based just on the report. It's true we took the position in the litigation that the report, because the sums were due and payable immediately, that that meant the report had to be taken at its face value, just like an arbitration award would absent fraud or the like. But to your question, that was supported by much other evidence at the trial. And the judge, doesn't Judge Ingram say, nothing alters my previous conclusion that the report establishes the appropriate measure of damages? He did say that, but he also weighed the fact that Kentucky Fuel itself had said this is contrary to everything that they were arguing at trial and contrary to what Mr. Justice and Mr. Ball attempted to testify to. They had gone on record previously as saying this is a great mining opportunity. They flipped these assets to New Lead, and in doing so, Kentucky Fuel actually negotiated with New Lead saying that it would mine the property, and it was a, quote, win-win proposition. They were all going to make money for this. And you know what else? And this goes directly to your question, Judge Stranch, about the tonnage involved. They pitched this to New Lead using the independent arbiter, Mr. Conway's, tonnage figures of roughly 19 million tons in place and 18 million recoverable tons. And those are the same figures that they used and that they gave to New Lead to persuade it to buy these leases from them. And then New Lead recited those same figures in its press release. So that was also part of what the court looked at in saying, yes, we're not looking at just the report. The other evidence confirms the accuracy of the report, as well as the motion that Mr. Sanders' client filed, where he said, we don't even need to have a damages hearing because we've got a new contract miner, and the royalties will be enough to pay the plaintiffs in full. So we don't even need to have a hearing. But with that preliminary comment, let me turn to the due process argument. First of all, I think it's remarkable that on this appeal, the appellates don't address what the district court did. They try to address what the district court didn't address. But think about what they did and the argument. They say that they were entitled, and it's been repeated here several times, a meaningful opportunity to be heard. And they say that this is in their Rule 59 motion. It comes under a heading called the denial of due process. And contrary to what Mr. Sanders said, one of the specific arguments that they make in saying that they were denied due process, they say that the magistrate judge's consideration of the evidence of the damages hearing and the court's adoption of it deprived the defendant of a meaningful opportunity to be heard. The court's reliance upon the independent arbiters' report, and then they go on to say that that reliance inappropriately deprived the of their property rights without due process of law. Similarly, contrary to what I understood Mr. Sanders to say on the next page of the of the Rule 59 motion that would be page six, they say obviously there was no way to cure the inability to cross-examine Mr. Conway and his report should not have been put into evidence for that reason alone. So they're saying the inability to cross-examine him was part and parcel of the due process denial. I'm sorry, but the word frivolous was designed for that type of argument. It's just inappropriate. When they say they, look at the big picture. When they say they were denied a meaningful opportunity to be heard, what happened? They had a three-day trial. That trial was governed by the Federal Rules of Civil Procedures, Federal Rules of Evidence. It was preceded by a status conference where they, everybody had input. Based on that input, the magistrate judge entered a rather standard pretrial order. They had an opportunity and did designate exhibits. They objected to exhibits. They had an opportunity and did engage in pre-hearing motion practice. They called witnesses. They cross-examined witnesses. I could keep going through that litany. They got every piece of due process that litigants get every day in courts all over this country. And they say, in spite of all of this, that we didn't have a meaningful opportunity to be heard. That is why Judge Van Tavenhoe levied Rule 11 sanctions for that type of frivolous argument. And there's no abuse of I just read from when I was reading from their Rule 59 motion. They say, well, he should not even have considered Mr. Conway's report. Shouldn't even have considered it. If so, what would they have done? And Your Honor asked questions in the earlier argument about, well, did they ever object any time up to the hearing? But equally, if not more important, at the damages hearing, we had identified, pursuant to the pretrial order, we had identified the report as an exhibit. They had an opportunity to object to exhibits. They did not object. They never filed an objection to the exhibit. So under the pretrial order, it came in as a matter of course. But in case that was an oversight, they had a chance again, because on day one of the trial, the magistrate judge painstakingly went through all of the exhibits and called out each exhibit and asked if it was objected to or not objected to to see what exhibits we needed further argument on. The independent arbiters report was specifically called out and noted that there was no objection to it. And that was the end of that. It was that. I mean, isn't that like I mean, I hear you. And it's a I mean, it's a it's a it's correct. But I'm wondering if that's kind of like when you lose emotion and lemony before trial and and the trial judge indicates that there's no way he's going to change his mind. I mean, what's the point of objecting again? I mean, there was Judge Van Taten of it said this report. I have a question about whether it can support the damages award by itself. But he clearly thought it was admissible, right? I mean, there was no way even if they had said, Oh, I object to the Conway report being on this exhibit list that any either judge was would have said, Oh, yeah, now you're I realize you're right. We're gonna strike it. I mean, there's a vain act, wasn't it? I think it was not your honor, there had never been. And here's an example of what I've objected had it sustained. And I think it's good case law that when an expert issues a report, regular Rule 26 expert that the report itself does not come in evidence. There's a lot of law to that effect. The expert can testify based on his report, but the actual report doesn't come into evidence. That's not uncommon at all. Now, I don't think necessarily that was an objection that they could make. They could have objected to a lack of foundation. You know, Mr. Conway was deceased by that point. Again, I've got various reasons why I think that wouldn't have been a good objection. But my point is, they did absolutely nothing to object to its introduction as an exhibit. So whether or not they should have done that, whether or not they could have done something else, if they're going to claim that their rights guaranteed under the United States Constitution were deprived, then it was I would urge that it's incumbent upon them to have rejected to the report that they're saying should have should never have been considered. Similarly, for the cross examination. They, we all know the story on that they never tried to examining, never tried to depose said they were going to rely on their own experts. Does your honor have any other questions on that before I go on something else? Uh, the last point I would like to make is that in their rule 59 or excuse me in their appeal, in their leading brief, they claim this first appear appears throughout their leading brief, but it first appears on page nine of their opening brief, they claim that the district court overlooked its prior order where it had expressed reservations about just relying on the report without further evidence. And they, they, they argue in their brief, that the rule 59 motion was justified because the court somehow had overlooked its prior order. Really free responses to that. Number one, it's factually incorrect. The court did not discuss, uh, first in the report and recommendation, which was then adopted by the district court. Obviously he read and, and, uh, and, uh, he adopted that. So when he wrote his opinion, he clearly hadn't forgotten or using their words, overlooked his prior order. Uh, second, his opinion judge trench, as you've noted, does address the other evidence why that, uh, why his prior reservations were overcome. And third was the, uh, opinion. Uh, I think it's document three 68, which was that ruling when they tried to reopen discovery to designate experts or the damages trial. And he addressed it also in that filing at, uh, page ID number nine, seven, one, one, uh, pointing out, uh, the limitations and discussing the prior reservations that he had. So the notion that judge van Tavenhoe somehow got about his earlier order and the reservations he expressed is just factually incorrect. So that was their lead argument on their appellate brief. And the appeal should be denied for that reason alone. Second, this argument that he somehow overlooked his prior opinion was not, it was forfeited. It was not ever raised in the trial court. That argument that he somehow overlooked his prior ruling was not in the rule 59 motion. It was also not, uh, in risk in their response to the rule 11 motion. And finally, and judge now bandian, one of your questions I think goes to this. The argument is sort of a non sequitur. Uh, let's suppose that the district judge had not addressed every argument that they're now making. So what? That's not a constitutional violation. We lawyers all the time raise, you know, every argument that we think our client might prevail on. And if we make 10 arguments, the court might rule on three of them. Uh, I don't expect everything that every lawyer says in the course of these two arguments to necessarily be reflected in your honors opinions. But the fact that I might say something today that you don't address in your opinion doesn't constitute a denial of due process. So that argument is just a non sequitur. Uh, in short, nothing that they've said shows that the district court abused its discretion in awarding the rule 11 sanctions. And we asked that the, uh, award be affirmed for that reason. Unless the court has any questions, uh, that that's all I have. Judge Batchelder, do you have any further questions? I do not. Thank you. Judge Nalbandian. Thank you. Mr. Sanders, you may have your rebuttal. Thank you, Your Honor. I'll speak briefly, uh, to address the argument that, um, the district court didn't overlook its prior order. I'd like to make two points on that. The first is in the portion of that opinion, discussing sanctions and awarding sanctions, there is no mention of its prior orders, calling into doubt the adequacy of the Conway report or the prior order saying the defendant should have the right to cross examine Mr Conway. The second point is that's not the only thing that's being argued in this appeal. The argument is not only did the district court fail to consider its prior orders, it's that had it done so, it would have reached a different conclusion because those orders made the due process argument objectively reasonable. I also wanted to respond to the point about the fact that there was a three day hearing with witnesses and briefing. There's absolutely no dispute on that. But the point that we're making on this appeal is that the hearing and the result that followed from it didn't comply with what the district court had previously said about what a meaningful damages hearing should look like and what a meaningful opportunity to respond to the Conway report would look like. First, the district court said the report is inadequate. And to be sure, the district court did seem to walk away from that to some degree. In a subsequent order, it said that the report might be adequate, but only if defendants get a meaningful opportunity to respond at the damages hearing. And it very strongly indicated that that meaningful opportunity would come in the form of cross examining Mr. Conway. And I'm going to read from this is record 368. The district court said defendants anticipated raising the deficiencies and plaintiffs proof through cross examination of the experts themselves. This is precisely what defendants will be permitted to do in an evidentiary hearing. And obviously, at the time, the district court said that it didn't it didn't know that Mr. Conway had passed away, but he was rejecting your request to reopen discovery, right? He was saying, Look, you guys have dropped the ball, but and you're not, I'm not going to let you reopen discovery, you'll get your chance at the hearing. But I mean, if you didn't bother to take a video depth of the guy that you could play at trial, why I don't understand why you get bailed out or why the due process clause then says all of a sudden you, you now given this situation, it's a violation of due process doesn't even look close to me. I mean, I don't understand that Judge van Tatenhove says a meaningful hearing. He's I mean, he's not setting the marker of what the due process clause requires. I mean, the due process clause requires what it requires. And I'm still puzzled by how what happened over those three days wasn't due process. And again, Your Honor, I would respond that the question isn't whether the due process argument was a winner. The question is, was it objectively reasonable to raise questions about the meaningfulness of the hearing that they received when it didn't end up complying with what the district court had previously said a meaningful hearing should look like? Your Honor, I see that I'm out of time. May I conclude? Please. Your Honor, for all the reasons we've discussed today, we would ask that the court reverse and vacate the sanctions award against Mr. Getty and the Getty Law Group. Thank you. Do either judges have further questions? No, I do not. We thank you both for your arguments. As we said earlier, this is a long standing big box case, and we appreciate bringing it hopefully to a close. We will take this under advisement and an opinion will be issued in due course. Your Honor. Thank you very much.